T.C. Summary Opinion 2019-4

UNITED STATES TAX COURT

JESUS RODRIGUEZ AND JUANITA RODRIGUEZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1690-15S.                    Filed March 5, 2019.

Jesus Rodriguez, pro se.

<u>Susan Kathy Greene</u> and <u>Yvette Nunez</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency (notice) dated October 15, 2014, respondent determined a $6,953 deficiency in petitioners' 2010 Federal income tax and imposed a $604 section 6651(a)(1) addition to tax and a $1,391 section 6662(a) accuracy-related penalty. The issues for decision are whether petitioners: (1) are entitled to unreimbursed employee business expense deductions claimed on Schedule A, Itemized Deductions; (2) are entitled to deductions claimed on Schedules C, Profit or Loss From Business; (3) are entitled to deduct educator expenses related to Mrs. Rodriguez's employment; (4) realized and must recognize cancellation of indebtedness (COI) income; (5) are entitled to a moving expense deduction; (6) are entitled to an additional child tax credit; (7) are liable for a section 6651(a)(1) addition to tax; and (8) are liable for a section 6662(a) accuracy-related penalty.[2]

---

[1](...continued)
Code (Code) of 1986, as amended, in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts have been rounded to the nearest dollar.

[2]In the petition, petitioners claim entitlement to a deduction for attorney's fees not claimed on their 2010 Federal income tax return. According to petitioners, the deduction relates to a personal bankruptcy filed and dismissed in

(continued...)

## Background

Some of the facts have been stipulated and are so found.  At the time the petition was filed, and at all times relevant, petitioners lived in Texas with their daughter, who was older than 17 as of the close of 2010.

Mr. Rodriguez (petitioner) holds a master's degree in education, psychology, and counseling.  At all times relevant here he was employed as an educational diagnostician in the Dallas Independent School District (DISD).  As an educational diagnostician, petitioner worked with children with special needs in the various schools within the DISD.  He also consulted with teachers and school staff that interacted with his students.

As part of his employment with the DISD, petitioner routinely traveled to various schools within the DISD during the workday and occasionally traveled to the DISD headquarters.  He also traveled to meetings and conferences outside of the DISD.  Petitioner used his personal automobile in connection with employment-related travel.

During 2010 the DISD's compensation and benefits expense reimbursement policy (reimbursement policy) entitled petitioner to reimbursement for employee

---

[2](...continued)
2004 or 2005.  They did not present any evidence to establish that they are entitled to the deduction, and their claim is rejected without further comment.

business-related expenses, including travel expenses. Under the reimbursement policy petitioner was also entitled to a per diem travel allowance for lodging and meals if certain conditions were met. During 2006, 2007, and 2008 petitioner applied for and received reimbursements from the DISD for employee-related expenses; petitioner did not apply for reimbursements for employee-related travel or other expenses during 2010.

According to two Schedules C included with petitioners' 2010 Federal income tax return (return), one or both petitioners were involved in what they claim to be sole proprietor type businesses. Through one, petitioners claim to have provided consultant, research, and educational services (consultant business), including "private tutorials to school aged children * * * [and] special education and life skills instruction to * * * [petitioners'] severely handicapped daughter". Through the other one, identified on a Schedule C as "J and J's Delivery Services" (delivery business), petitioners claim to have provided delivery services that included "transporting people to appointments" and transporting their "disabled daughter to her doctor's appointments". Petitioners claim to have dealt mostly in cash with respect to the consultant and delivery businesses; they kept no financial or business records of expenses, clients, or otherwise. As best we can tell, the

consultant and delivery businesses operated largely to provide services to petitioners' daughter.

At trial petitioners presented a mileage log for travel related to petitioner's employment with the DISD as well as two mileage logs for travel related to the delivery business. None of the mileage logs were prepared contemporaneously with the events recorded; the logs were created in anticipation of trial.

During certain years before the year in issue Mrs. Rodriguez maintained a credit card with Citibank (South Dakota), N.A. (Citibank). Citibank's records reflect that Mrs. Rodriguez had an account balance of $3,615 as of December 7, 2004, and that the last payment Citibank received was on October 15, 2004, for $81.66. From 2005 through 2008 Citibank pursued collection on Mrs. Rodriguez's account and on September 12, 2008, the account was placed in "pending sale" status. On the basis of Citibank's identification criteria, the account was not eligible for issuance of a Form 1099-C, Cancellation of Debt, in 2008 or 2009. Ultimately, on September 12, 2010, Citibank in accordance with its internal policies issued to Mrs. Rodriguez a Form 1099-C, reporting that it had discharged the $3,561 debt she then owed.

On March 23, 2005, Mrs. Rodriguez initiated a bankruptcy proceeding that was dismissed on June 22, 2005. The bankruptcy court did not grant Mrs. Rodriguez a discharge.

Petitioners' return was filed on April 6, 2014. On the return they reported wage income of $65,399, taxable interest of $1,233, losses on Schedules C of $9,874, a rental real estate loss on Schedule E, Supplemental Income and Loss, of $16,998, total income of $39,760, and "above-the-line" deductions of $500 for educator expenses and $1,456 for moving expenses, resulting in adjusted gross income of $37,804. The return shows no taxable income and reports no income tax liability.

Petitioners' return includes a Schedule A on which they claimed various deductions including, as relevant here, a $5,983 (before the application of the 2% limitation prescribed in section 67(a)) miscellaneous expense deduction for unreimbursed employee business expenses. A Form 2106-EZ, Unreimbursed Employee Business Expenses, included with petitioners' return shows the detail of the deduction for unreimbursed employee business expenses as follows: (1) vehicle expenses of $4,114,[3] (2) parking fees and tolls of $106, (3) travel

---

[3]In claiming vehicle expenses of $4,114, petitioners elected to use the applicable standard mileage rate. The Commissioner generally updates the

(continued...)

expenses while away from home of $512, (4) other business expenses of $986, and

(5) meals and entertainment expenses of $265 (after the application of the 50%

limitation prescribed by section 274(n)).

The Schedules C for the consultant and delivery businesses show the

following income and deductions:

| | Consultant business | Delivery business |
|---|---|---|
| Income: | | |
| Gross receipts | $8,001 | $5,053 |
| | | |
| Expenses: | | |
| Advertising | 899 | 827 |
| Car and truck | 3,442 | 834 |
| Contract labor | 238 | -0- |
| Depreciation | 641 | 1,652 |
| Legal and professional services | 140 | 60 |
| Office | 684 | 299 |
| Rent or lease of vehicles, machinery, and equipment | 354 | 275 |
| Rent or lease of other business property | 372 | -0- |
| Repairs and maintenance | 390 | 289 |
| Supplies | 358 | 251 |
| Taxes and licenses | 275 | 85 |
| Travel | 695 | 250 |

[3](...continued)
optional standard mileage rates annually. See sec. 1.274-5(j)(2), Income Tax Regs. The standard mileage rate of 50 cents per mile for 2010 is set forth in Rev. Proc. 2009-54, sec. 2.01, 2009-51 I.R.B. 930, 930.

| | | |
|---|---|---|
| Meals and entertainment | 321 | 70 |
| Utilities | 198 | 81 |
| Other[1] | 4,985 | 2,963 |
| Total | 14,992 | 7,936 |
| Net profit (loss) | (6,991) | ( 2,883) |

[1]The deduction for "other expenses" for the consultant business is for "Bad Business Debt" of $4,005 and "Workshops, Conferences, and Related Expenses" of $980.  The deduction for "other expenses" for the delivery business is for "Bad Business Debt" of $2,963.

Petitioners also claimed an additional child tax credit of $1,000 on their return.

In the notice respondent:  (1) increased petitioners' income by the amount reported as COI on Form 1099-C, (2) disallowed the moving expense deduction, (3) disallowed the deductions claimed on Schedules C, (4) disallowed $250 of the $500 deduction claimed for educator expenses, (5) disallowed the miscellaneous expense deduction for unreimbursed employee business expenses claimed on Schedule A, and (6) disallowed the additional child tax credit.  Respondent further determined that petitioners were liable for the addition to tax under section 6651(a)(1) and for the accuracy-related penalty under section 6662(a) on various grounds.  Other adjustments made in the notice are computational and need not be addressed.

Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[4]  As we have observed in countless opinions, deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction or credit.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is provided by statute and must further substantiate that the expense to which the deduction relates has been paid or incurred.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business.  Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004).  Generally, the performance of services as an employee

_____

[4]Petitioners do not claim and the record does not otherwise demonstrate that the provisions of sec. 7491(a) are applicable here, and we proceed as though they are not.

constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377 (1970). To be ordinary the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940). To be necessary an expense must be appropriate and helpful to the taxpayer's business. Welch v. Helvering, 290 U.S. at 113. If, as a condition of employment, an employee is required to incur certain expenses, then the employee is entitled to a deduction for those expenses, unless the employee is entitled to reimbursement from his or her employer. See Fountain v. Commissioner, 59 T.C. 696, 708 (1973); Spielbauer v. Commissioner, T.C. Memo. 1998-80. An employee business expense is not "ordinary and necessary" if the employee is entitled to reimbursement from his or her employer but fails to seek reimbursement. See Podems v. Commissioner, 24 T.C. 21, 22-23 (1955); Noz v. Commissioner, T.C. Memo. 2012-272, at *22. On the other hand, section 262(a) generally disallows a deduction for personal, living, or family expenses.

As a general rule, if a taxpayer provides sufficient evidence that the taxpayer has paid a trade or business expense contemplated by section 162(a) but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, in order for the Court to estimate the

amount of an expense, there must be some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Otherwise, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Deductions for expenses attributable to travel ("including meals and lodging while away from home"), entertainment, gifts, and the use of "listed property" (as defined in section 280F(d)(4) and including passenger automobiles), if otherwise allowable, are subject to strict rules of substantiation. Sec. 274(d); see Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). With respect to deductions for these types of expenses, section 274(d) requires that the taxpayer substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense, (2) the time and place the expense was incurred, (3) the business purpose of the expense, and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. For "listed property" expenses, the taxpayer must establish the amount of business use and the amount of total use for such property. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

With these fundamental principles of Federal income taxation in mind, we consider petitioners' entitlement to the various deductions and the additional child tax credit here in dispute.

I. Schedule C Business Expenses and Schedule A Unreimbursed Employee Business Expenses

Petitioners claim expenses totaling $14,992 for their consultant business, expenses totaling $7,936 for their delivery business, and $5,983 for unreimbursed employee business expenses related to petitioner's employment with the DISD. According to respondent, petitioners have failed to establish that the expenses were paid or, if paid, the expenses were business related.

In support of the above-referenced deductions petitioners submitted: (1) a collection of handwritten and printed invoices and receipts, (2) a mileage log for travel related to petitioner's employment with the DISD as well as two mileage logs for travel related to the delivery business, and (3) numerous other documents of little, if any, relevance, many of which are duplicated many times over in the record.

Taking into account the documents submitted by petitioners and petitioner's testimony, we are not persuaded that they are entitled to any of the deductions here in dispute. Most of the deductions were not substantiated by written evidence, and the written evidence that was provided is hardly credible. Furthermore, petitioners have not given us a basis upon which we can reasonably estimate the amount of the expenses to which the deductions relate. See Cohan v. Commissioner, 39 F.2d at 543-544; Vanicek v. Commissioner, 85 T.C. at 742-743.

Documents submitted to substantiate the deductions subject to section 274 are deficient in one respect or another. For example, none of the mileage logs contain any specific entries regarding the business purposes of petitioner's travel. See Fleming v. Commissioner, T.C. Memo. 2010-60. Hotel receipts submitted by petitioners relate to individuals other than petitioners. Petitioner's explanation that he used pseudonyms at the hotels was unpersuasive. Otherwise, it would

seem that amounts paid for hotel expenses could easily be substantiated by canceled checks, credit card statements, or bank statements. No such evidence has been submitted.

With respect to the unreimbursed employee business expenses claimed on the Schedule A, it appears that the DISD reimbursement policy entitled petitioner to reimbursement for any related expense, including travel, he may have incurred on behalf of the DISD. Petitioner did not seek reimbursement from the DISD for those expenses, and therefore petitioners are not entitled to a deduction for them. See Podems v. Commissioner, 24 T.C. at 22-23; Noz v. Commissioner, T.C. Memo. 2012-272, at *22.

II. Educator Expenses

Petitioners claimed a $250 deduction for educator expenses related to Mrs. Rodriguez's employment.

Effective for tax years beginning after December 31, 2001, elementary and secondary school teachers may deduct the cost of certain school supplies up to $250 from their gross income. Sec. 62(a)(2)(D), (d)(1). Section 62(d)(1)(A) defines an eligible educator as follows:

> (A) In general.--For purposes of subsection (a)(2)(D), the term "eligible educator" means, with respect to any taxable year, an individual who is a kindergarten through grade 12 teacher, instructor,

counselor, principal, or aide in a school for at least 900 hours during a school year.

Mrs. Rodriguez did not testify at the trial. Otherwise, petitioners have failed to show that she fits within the definition of an eligible educator. Accordingly, petitioners are not entitled to a $250 deduction for educator expenses related to Mrs. Rodriguez.

## III. Moving Expenses

Section 217(a) allows as a deduction "moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work." Section 217(b) generally defines the term "moving expenses" as the reasonable expenses of moving household goods and personal effects from the former residence to the new residence and related travel.

Petitioners resided at the same address during 2009, 2010, and 2011. Petitioner was employed at the same principal place of work, the DISD, during those years. Neither petitioner moved "in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work." Accordingly, petitioners are not entitled to a deduction for moving expenses.

IV. <u>Additional Child Tax Credit</u>

Petitioners claimed entitlement to an additional child tax credit for their daughter who was over 17 years of age at the time.

Section 24(a) allows a taxpayer a $1,000 credit against income tax with respect to each qualifying child. For purposes of section 24, a "qualifying child" is a qualifying child of the taxpayer, as defined in section 152(c), who has not yet reached the age of 17. Sec. 24(c). Because petitioners' daughter was over 17 years of age during the year in issue, petitioners are not entitled to the additional child tax credit claimed.

V. <u>COI Income</u>

Where an information return, such as Form 1099-C, serves as the basis for the determination of a deficiency, the burden of production may shift to the Commissioner. <u>See</u> sec. 6201(d); <u>Del Monico v. Commissioner</u>, T.C. Memo. 2004-92, slip op. at 6. If a taxpayer in a court proceeding asserts a reasonable dispute with respect to any item of income reported on an information return and has fully cooperated, then the Commissioner must produce reasonable and probative information concerning the deficiency in addition to the information return. Sec. 6201(d).

Petitioners have not raised a reasonable dispute with respect to the accuracy of the information return. Although petitioners contend that the COI income at issue in this case was discharged in Mrs. Rodriguez's bankruptcy, the record shows that her bankruptcy case was dismissed without granting a discharge. Petitioners further contend that the amount of income reported on the Form 1099-C is incorrect, but they have provided no evidence to support that contention. Moreover, it is clear that petitioners have failed to cooperate with respondent, and therefore, the Court concludes that respondent does not have the burden of production under section 6201(d).

In general, the term "income" as used in the Code means income from any source, including income from the discharge of indebtedness. Sec. 61(a)(12); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-430 (1955). As noted, Citibank issued to Mrs. Rodriguez a Form 1099-C, reporting that it had discharged the $3,561 debt that she owed.

The moment it becomes clear that a debt will never be repaid, that debt must be viewed as having been discharged. Cozzi v. Commissioner, 88 T.C. 435, 445 (1987). The determination of whether discharge of indebtedness has occurred is fact specific and often turns on the subjective intent of the creditor as manifested by an objectively identifiable event. Id. The issuance of a Form 1099-C is an

identifiable event, but it is not dispositive of an intent to cancel indebtedness. Owens v. Commissioner, T.C. Memo. 2002-253, aff'd in part, rev'd in part and remanded 67 F. App'x 253 (5th Cir. 2003).

Any identifiable event that fixes the loss with certainty may be taken into consideration. Cozzi v. Commissioner, 88 T.C. at 445 (citing United States v. S.S. White Dental Mfg. Co., 274 U.S. 398 (1927)); cf. sec. 1.6050P-1(b)(2)(i), (iv), Income Tax Regs. (providing an exclusive list of eight "identifiable event[s]" under which debt is discharged for information reporting purposes). According to section 1.6050P-1(b)(2)(i)(G), Income Tax Regs., an identifiable event occurs when there is "[a] discharge of indebtedness pursuant to a decision by the creditor, or the application of a defined policy of the creditor, to discontinue collection activity and discharge debt". According to section 1.6050P-1(b)(2)(i)(H) and (iv), Income Tax Regs., there is a rebuttable presumption that an identifiable event has occurred during a calendar year if a creditor has not received a payment on an indebtedness at any time during a 36-month testing period ending at the close of the year.

According to petitioners, the debt should not have been deemed canceled in 2010 with the filing of Form 1099-C. Instead, relying on section 1.6050P-1(b)(2)(i)(H) and (iv), Income Tax Regs., they assert that the COI

actually occurred in a year before 2010 after they stopped making payments on the debt for more than 36 months. Their argument, however, is undermined, at least in part, by their failure to report the COI income on any of their Federal income tax returns filed before 2010.

Respondent, if only by implication, contends that the identifiable event that triggered the COI occurred in 2010 when Citibank, in accordance with its internal policies, decided to cancel the debt and issue Form 1099-C. See sec. 1.6050P-1(b)(2)(i)(G), Income Tax Regs.

According to Citibank's identification criteria, the account was not eligible for issuance of a Form 1099-C in 2008 or 2009. On September 12, 2010, Citibank, in accordance with its internal policies, issued to Mrs. Rodriguez a Form 1099-C reporting that it had discharged debt of $3,561. Under the circumstances, we find that the issuance of the Form 1099-C constitutes the identifiable event contemplated in section 1.6050P-1(b)(2)(i)(G), Income Tax Regs. That event occurred in 2010 and that is the year that petitioners realized and must recognize the COI income.[5]

---

[5]Petitioners alternatively argue that the COI occurred when the statute of limitations on collection in Texas expired sometime before 2010. Section 1.6050P-1(b)(2)(i)(C), Income Tax Regs., recognizes this situation as an identifiable event that cancels indebtedness, generates COI income, and requires

(continued...)

Lastly, petitioners point out that they did not receive the Form 1099-C.  The nonreceipt of a Form 1099-C, however, does not cause COI income to be excludable from income.  See Rinehart v. Commissioner, T.C. Memo. 2002-71, slip op. at 6.

---

[5](...continued)
the issuance of a Form 1099-C.  Enumerated as the third of eight "identifiable event[s]" giving rise to COI income, subdivision (i)(C) provides:

> (C) A cancellation or extinguishment of an indebtedness upon the expiration of the statute of limitations for collection of an indebtedness, subject to the limitations described in paragraph (b)(2)(ii) of this section, or upon the expiration of a statutory period for filing a claim or commencing a deficiency judgment proceeding;

As noted, sec. 1.6050P-1(b)(2)(i)(C), Income Tax Regs., is limited by sec. 1.6050P-1(b)(2)(ii), Income Tax Regs., which states that "an identifiable event occurs under paragraph (b)(2)(i)(C) of this section only if, and at such time as, a debtor's affirmative statute of limitations defense is upheld in a final judgment or decision of a judicial proceeding".  Because petitioners have not provided any evidence that they have raised an affirmative statute of limitations defense that was upheld in a final judgment or decision of a judicial proceeding, they have failed to establish that a corresponding identifiable event occurred pursuant to sec. 1.6050P-1(b)(2)(i)(C), Income Tax Regs.

## VI. <u>Section 6651(a)(1) Addition to Tax</u>

Petitioner's return was due to be filed on or before October 15, 2011,[6] but it was not filed until April 6, 2014. <u>See</u> secs. 6072(a), 7503. Consequently, respondent imposed a section 6651(a)(1) addition to tax.

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to file a timely return unless the taxpayer proves that such failure is due to reasonable cause and is not due to willful neglect. <u>See also</u> <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); <u>Harris v. Commissioner</u>, T.C. Memo. 1998-332. Section 6651(a)(1) imposes an addition to tax of 5% of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25% in the aggregate.

Respondent's records demonstrate that petitioners' return was not timely filed, and petitioners do not dispute the point. Respondent's section 7491(c) burden of production has been met with respect to the imposition of the section 6651(a)(1) addition to tax, and because petitioners have failed to demonstrate that their failure to file timely their 2010 return was due to reasonable cause, respondent's imposition of a section 6651(a)(1) addition to tax is sustained.

---

[6]The due date (with extensions) for filing their return was October 15, 2011, pursuant to the automatic extension petitioners filed.

VII. Section 6662(a) Accuracy-Related Penalty

Lastly, we consider whether petitioners are liable for a section 6662(a) accuracy-related penalty for the year in issue. Respondent bears the burden of production with respect to the imposition of a section 6662(a) accuracy-related penalty. See sec. 7491(c).

The petition, answer, and pretrial memoranda all reference section 6662(a) and show that the imposition of the penalty has not been conceded by either party, either expressly or implicitly. That being so, we note that as part of his burden of production, respondent was obligated to show that the provisions of section 6751 have been satisfied.[7] See Graev v. Commissioner, 149 T.C. 485 (2017), supplementing and overruling in part 147 T.C. 460 (2016). Because there is no evidence in the record that shows respondent's compliance with section 6751, petitioners are not liable for the section 6662(a) accuracy-related penalty.

To reflect the foregoing,

Decision will be entered under

Rule 155.

---

[7]Sec. 6751(b)(1) provides: "No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate."